vs. Maxfield. Mr. Connors? Good afternoon, your honors. On behalf of Travis Maxfield, your honor, the appellant contests the reasonableness of a 188 month sentence based on the determination that he was a career offender based in substantial part on a 2007 conviction for residential burglary, a crime of violence. According to the PSR and the police reports, facts were introduced that suggested that this appellant had a key when he burglarized the... Is that established? What does the record tell us about that fact? The initial fact came from the pre-sentence investigation which was conducted a police report reports evidently. The government's brief also addresses the source. Was this something where the defendant claimed he had a key? Correct, your honor. Did anybody ever see it? Correct, your honor. Did he produce it? No. No, it was simply... Yeah, but hadn't he gotten a key from the victim? Well, the reasonable belief was that that's what he said. That's what he said? That's what he said. What did the victim say? Well, he said he turned the police on to the fact this guy had robbed him because when the victim was in jail over the weekend, he said, well, I think if this guy had access to my property. He didn't say a key specifically, that's not in the record, but he said that he was, he thinks that this guy had it because he had access to my property. I think that's a fair representation. Without specifically identifying a key. So with that, this defendant nevertheless went forward and pled guilty to residential burglary. The, I would note that he stole television. Well, that comment about has access implies that it wasn't a break-in, doesn't it? That's correct, your honor. It was, it is an element of residential burglary that the crime be committed without authorization and it seems to me that a key is pretty much de facto authorization. In fact, not if it's stolen. Not if it's stolen, that would be true, but given the fact that. So we don't really know how he got the key. We don't. You're suggesting, I guess the implication from that access remark suggests that he had given the key. Yes, it seems that these were guys who were well acquainted with each other. The person had maybe been at, my client had been at the property previously. He identified from getting out of jail on Monday morning, it seemed that he identified, I think you should go talk to Travis Maxfeld. And in fact, he had stolen his TV and other items and his car. But incident, interestingly enough, he was in charge with stealing the car. Maybe because the state's attorney didn't think that he was really stole the car in fact, since he had access to the premises. So least common denominator, it did steal stuff. So he pled guilty to residential burglary. The defense argued in a workup for sentencing, objected to the sentence and pre-sentencing investigation, finding that this appellant was a career offender based on this conviction. It was substantial, raised his offense level from 21 to 31 and increased his sentencing range from the low end of what would have been a months without the career offender designation to a low end of 188 months. The district judge really just gave a very routine assessment of... She considered it, she rejected it, and said I'm going to take this into account under 3553A, right? She did work, she did assess a lot of factors, but she didn't trust that. Well, she said I'm rejecting your downward departure argument, right? That's correct. She noted that there were a lot of factors that would point towards the high end of the range, and she gave him a sentence at the bottom end, right? That's correct. She looked at a lot of factors, there's no doubt about it. So where's the error? Well, the error is that I think the judge was unduly constrained by her decision not to look at the very patent fact. Did she say anything about the key? She said, the district judge said she acknowledged the facts were a bit different. They were a bit different. They may have lacked a statutory element of the crime of residential burglary. What? They lacked the statutory element? He was convicted, right? He was convicted, Your Honor. Okay. The state, just because the state court determined that all the elements were satisfied doesn't mean the district court was stuck with the result. Wait a minute. So it was either to count it under the guidelines, or in terms of how much weight to give it in discretionary evaluation? Well, as I stood before the court several months ago, it was, the argument was that it over-represented his criminal history. Right. There's no doubt he was properly convicted of residential burglary, is there? Well, that depends upon whether you believe that there may have been more information that wasn't properly considered by the circuit court. That's all just supposition. The district judge said the facts were different. Maybe he had a key, maybe the conviction's wrong. Those don't get re-litigated. It's sentencing in terms of whether you count. You can make the argument it's over-representative, you made the argument, judge listened to it, said no, but gave him a low-end sentence. The judge didn't really address this aspect of the key to the extent that if he had accessed it. I don't see what, I don't think the key has any relevance. It's really a question of whether, well now that the genie is out of the bottle a little bit in terms of residential burglary, isn't it a question of how violent is it if you have access to the guy's property? Whether he had a key, he was acquaintance with him. If he's coming in without, if he's coming in without permission, what difference does it make whether he's got a key or the door is unlocked and he opens it up or he slides a credit card in and jimmies the latch? Well maybe today we might say that it's a lot less potential for violence because of the fact that he... I don't think so, I don't get that. I mean suppose, now I do think it makes a difference if you've been given the key, which sounds like permission to enter, although not necessarily at every hour of the day, but if someone has stolen a key or made a key, you know, somehow and appears it, you know, sneaks in at that's as dangerous as if he broke a door down. And it well could be the case Your Honor, and in fact if the district judge had entertained some of those concepts with respect to specifically the argument we raised in pre-sentence investigation objections and also a request for variance or downward departure, then maybe that it would have been a satisfactory interpretation of all those factors, but the result was basically she said look, he pled guilty to it. I'm basically stuck with the fact of judgment and conviction in this case and let's move on. Where did she say that? Your Honor, the included portions of the... I don't remember that kind of a passage saying I'm stuck with this. Well no, those are, I paraphrase Your Honor, the district judge said... There's no indication she didn't understand her discretion, is there? No, but I do think that the district judge felt unduly constrained by the simple fact that... Based on what evidence? Based on what evidence, Your Honor? Based on the fact that... About the district judge feeling constrained. Well look, we agree she correctly calculated the guidelines, right? Yes. Okay, in that sense she's constrained that far and this is a guideline sentence, right? That's correct. Okay, so where does she indicate in some reversible way that she feels constrained? Because the judge just simply, without pointing to the specific language, I hope you go and look at the... I read it. She says, look, the facts are a bit different, but he pled guilty to it. End of the analysis. He pled guilty to it. So if you plead guilty to it, it's all over. Is that sufficient? What if it's all wrong? For purposes of the guidelines, that's correct, right? When does she do that with respect to 3553A? Well maybe her interpretation of what it means to be a career offender then is skewed based on her inclusion of this or her failure to consider all aspects of the previous offense. If this is such terrible conduct that he should be a career offender, then it needs to be explored further, Your Honor, and I think that's the use of discretion is just the wall that seems to be built up into here historically by saying he's pled guilty. It's over. Well, it's based, my judgment is based on the judgment and conviction of record. And where do we have that? I'm not seeing that, but maybe I've looked at a lot of cases and maybe I missed it. The court, okay, well here's how I, page seven of the transcript, Your Honor, appellate 13 in my brief, appendix 13. Okay. Bottom of the page, that's how I see it. I agree with probation that these offenses qualify. I mean, the guidelines require that the predicate offenses be determined by the charging and disposition documentation. Is that all there is? I asked to go further. I asked the court to go further. And certainly the two offenses, certainly the two offenses in paragraph 58 and paragraph 60 fall within the guideline definition to qualify Mr. Maxfield as a career offender. I'm not so sure that that's correct, Your Honor. There is some other discussion because she kind of broke it up. Well, it has to be broken up, right? Yes. Because you've got to do the guideline calculation, and if you don't get it right, we'll reverse, right? And then you've got to take it into account under 3553A, and it four of the, no, page 28 of the of the transcript, she does. Appendix 26. Well, we have it available. Thank you. Thank you. Thank you, Your Honor. Okay, well thank you, Mr. Morrissey. So, oh I'm sorry, Mr. Connors, Ms. Morrissey, it's your turn. Good afternoon, Your Honors. Kit Morrissey on behalf of the United States. I was the Assistant U.S. Attorney in the case below, also. I do want to state, and I forgot to answer Judge Hamilton's question initially, is the key established? And the answer, Your Honor, is no. The offense, the residential burglary is described at paragraph 58 in the PSR. And what the PSR stated is that, and I'm paraphrasing just a part of it, but it says the defendant admitted to entering the residence and taking the items, but advised that Kelly loaned him the vehicle for the weekend, and he used the residence key to enter the residence. So presumably, I take it from that, that the residence key may have been on the same keychain as the key to the vehicle that Kelly had loaned him. So any idea that Kelly provided the defendant with a key... Once removed. Yes, yes. And the record clearly states, Your Honor, that the defendant, again in that same paragraph, I think I said paragraph 59, it's actually paragraph 58 of the PSR, that the information charge, the defendant entered the dwelling place of John Kelly without authority, with the intent to commit therein a theft. That's what he pled guilty to. And the specific quote from Judge Rosenstengel is quoted in my brief on page 25. She said, Well, maybe the predicate offenses, the facts were a little different. It's not like the there was no argument below, Your Honor, that this wasn't, that this should not have counted as a crime of violence. It was really a very much a procedural question, whether the district court abused its discretion in declining to give a below-career-offender-guideline sentence. Clearly, the court did not. As Judge Hamilton stated, the court considered all the arguments, astutely recognized that what the defendant was really arguing was the defendant's history and characteristics under the 35-3A analysis, and noted that there were, as Judge Hamilton said too, there were reasons here for a high-end guideline sentence. She talked about the defendant was just recently paroled before he committed the instant offense. She was very troubled by the fact that the defendant on February 26th had been caught manufacturing methamphetamine, was released with a warning from law enforcement to stop, and seven days later sold methamphetamine to a confidential informant. He was manufacturing and he got a warning? Yes. Wow. In a hotel room in East St. Louis. What agency did that? I'm sorry, Judge? What agency just warned him rather than arresting him? I believe it was the State Police of Illinois. Illinois? It might have been East St. Louis. It happened in East St. Louis, Illinois. East St. Louis, I can see. Yes, Your Honor. All right. If there is nothing further, Your Honor, the government respectfully requests that the sentence of the District Court be affirmed. Thank you very much. Okay, thank you very much, Ms. Morrissey. Mr. Connors, do you have anything further? Your Honor, I see the hour waits. Let's stand on this brief. Thank you. Thank you very much. Were you appointed? Yes, Your Honor. Yes, we thank you for your efforts. Thank you. And we will be in recess.